*Chandler v. Rutland Herald Publishing*, No. 104-3-15 Wmcv (Teachout, J., June 25, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

**SUPERIOR COURT**                                                     CIVIL DIVISION
**Washington Unit**                                                    **Docket No. 104-3-15 Wmcv**

**Charles Chandler**
　　**Plaintiff**

　　v.

**Rutland Herald Publishing, et al.**
　　**Defendants**

### DECISION
### Defendants' Motion to Strike

　　The Rutland Herald newspaper published—according to it in 2007—an article describing allegations that Mr. Charles Chandler had falsely accused the Windham County Sheriff of seeking "protection money" from area businesses. The article also described a criminal charge against Mr. Chandler for impeding a public officer in violation of 13 V.S.A. § 3001. In this case, Mr. Chandler maintains that the article is false in all material respects and was written and published solely as a malicious personal attack on him. He claims libel and intentional infliction of emotional distress against Rutland Herald Publishing and three of its employees, including the author of the article. He claims several million dollars in damages. Defendants (collectively, the Herald) have filed a Motion to Strike the complaint as a violation of 12 V.S.A. § 1041, Vermont's anti-SLAPP (Strategic Lawsuit Against Public Participation) statute.[1] They seek a statutory award of attorney fees and costs.

　　*The disputed article*

　　The disputed article describes that Mr. Chandler had been charged criminally for making false, public allegations that the then-Windham County Sheriff and her deputy had sought money for favors from area businesses and Mr. Chandler himself. It described that a police investigation had found no evidence of any wrongdoing and further described events related to the impeding-an-officer charge, including a witness statement that Mr. Chandler paid an employee to make a false statement.

　　*The Anti-SLAPP Motion to Strike*

　　Vermont's anti-SLAPP statute is intended to provide protection against "lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and freedom to petition government for the redress of grievances." 2005, No. 134 (Adj. Sess.), § 1(1). The

---

[1] The Herald also has filed a Request for Judicial Notice to establish the date of publication, a Request for Judicial Notice of Mr. Chandler's litigation history, and a Motion to Dismiss on statute of limitations grounds and based on a claimed reporting privilege.

statute authorizes a defendant who was sued due to or in anticipation of the exercise of those rights, "in connection with a public issue," to file a special motion to strike the lawsuit at the outset of the case. 12 V.S.A. § 1041(a). If such a motion is filed, the court must grant it unless the plaintiff proves that:

> (A) the defendant's exercise of his or her right to freedom of speech and to petition was devoid of any reasonable factual support and any arguable basis in law; and
>
> (B) the defendant's acts caused actual injury to the plaintiff.

*Id*. § 1041(e)(1). If the plaintiff cannot make such a showing, the court grants the motion and the defendant is entitled to attorney fees and costs. *Id*. § 1041(f)(1). If the motion was frivolous, the plaintiff is entitled to fees and costs. *Id*.

> The statute broadly protects:
>
> (1) any written or oral statement made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law;
>
> (2) any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law;
>
> (3) any written or oral statement concerning an issue of public interest made in a public forum or a place open to the public; or
>
> (4) any other statement or conduct concerning a public issue or an issue of public interest which furthers the exercise of the constitutional right of freedom of speech or the constitutional right to petition the government for redress of grievances.

12 V.S.A. § 1041(i). The disputed article plainly is a "written . . . statement concerning an issue of public interest made in a public forum." *Id*. § 1041(i)(3). It is a garden-variety newspaper article describing criminal charges arising out of public confrontations between a member of the public and public officials.

The Herald's motion to strike put the burden on Mr. Chandler to demonstrate that the article "was devoid of any reasonable factual support and any arguable basis in law." In response, Mr. Chandler asserts that the article is frivolous, vexatious, baseless, malicious, and it has caused him "millions of dollars of damage." Plaintiff's Objection 7 (filed April 7, 2015). He comes forward with no evidence that the article lacks reasonable factual support and incorrectly argues that the burden of proof is on the Herald.

The anti-SLAPP statute does not put the burden on the speaker to demonstrate that the disputed speech has reasonable factual support. However, the Herald affirmatively supported its

2

motion to strike with a detailed showing of factual support. This includes: (1) an affidavit of Daniel Barlow, the author of the article, describing the court documents relied upon in writing the article; (2) a probable cause affidavit by Detective Cpl. Michael F. Burns detailing Mr. Chandler's corruption allegations, the ensuing investigation, and a witness statement to the effect that Mr. Chandler paid an employee to make a false statement related to the impeding-an-officer charge; (3) the docket sheet in the impeding-an-officer case; (4) the amended information in the impeding-an-officer case; and (5) an affidavit of Jeromy Languerand, a law enforcement officer, detailing support for the impeding-an-officer charge against Mr. Chandler. The article recounts allegations and court records. It does not purport to reveal the truth of what really happened during the underlying events. The evidence submitted by the Herald shows that the article, as written, has ample factual support. It thus was speech protected by 12 V.S.A. § 1041.

Mr. Chandler violated the letter and spirit of 12 V.S.A. § 1041 by filing this action. The complaint will be stricken. The Herald is entitled to an award of attorney fees and costs. *Id*. § 1041(f)(1).


## ORDER

For the foregoing reasons, the Herald's Motion to Strike is granted. All other pending motions are denied as moot.

Any request for attorneys' fees and costs shall be filed by July 15, 2015 or any such claim will be deemed waived and will be dismissed with prejudice. Any such request shall be accompanied by detailed time and billing records.

Dated at Montpelier, Vermont this _____ day of June 2015.


_____
Mary Miles Teachout
Superior Judge